# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-0041-CV

**Walter Lee Hall, Jr. and Gina Marie Sanchez, Appellants**

**v.**

**Federal National Mortgage Association a/k/a Fannie Mae, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-12-002908, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On December 19, 2012, the trial court signed an interlocutory judgment, and on January 1, 2013, appellants filed their notice of appeal. On January 8, appellant Walter Lee Hall, Jr. filed an affidavit of indigence in the trial court, and on January 18, he filed an affidavit in this Court. Appellant Gina Marie Sanchez did not file an affidavit of indigence.[1] On February 13, appellants filed a motion for an extension of time to appeal from the trial court's order sustaining a contest to their indigence, which was signed January 23. *See* Tex. R. App. P. 20.1(j)(2) (motion challenging order sustaining contest to indigence must be filed within ten days of date order is signed or notice of appeal is filed).

---

[1] Appellant Sanchez is named in the pleadings as Hall's wife. The pleadings, all of which are identical in form to Hall's filings in his numerous earlier appeals and most of which are signed by Hall alone "on behalf of" Sanchez, list a different address for her than for Hall, but mail to that address has been returned as "not deliverable as addressed." Despite a message left for Sanchez requesting an updated address, we have not received any new information.

On March 7, this Court denied appellants' motion for an extension of time to challenge the trial court's order sustaining the contest and informed appellants that they were to make arrangements to pay for the record no later than March 27. Rather than complying with those directions, appellants instead filed a "Reurged Motion to Review Order Sustaining Indigence Contest" on March 12. On March 27, the trial court clerk's office informed this Court that no arrangements had been made to pay for the record. On April 3, appellants provided this Court with their "Notice of Request for Preparation of the Record on Appeal," in which they asserted that because this Court had not ruled on their "reurged" motion, it was granted by operation of law pursuant to rule 20.1(j)(4). *See id.* Appellants attached to their notice copies of emails Hall sent to the trial court clerk and the court reporters on March 29. Hall told the clerk and reporters that he was "proceeding as an indigent," but said that if the clerk or reporters disagreed "with my indigence assertion, feel free to reply with an estimate for the cost of" preparing the clerk's and reporter's records.

Rule 20.1(j) allows a party asserting indigence to file a motion challenging the trial court's order sustaining a contest to the party's indigence. *Id.* R. 20.1(j)(1). The motion must be filed within ten days of the date the trial court signs its order or must request a discretionary extension from the appellate court by way of a motion that complies with rule 10.5(b). *Id.* R. 20.1(j)(2) ("appellate court *may* extend the time for filing on motion complying with Rule 10.5(b)" (emphasis added)). If the motion is timely filed or an extension is granted, the appellate court must rule on the motion within ten days or it is deemed granted by operation of law. *Id.* R. 20.1(j)(4). Rule 20.1(j) does not contemplate the "reurging" of a motion challenging an order sustaining a

2

contest, much less provide that such a motion is deemed granted by operation of law if not ruled on within ten days. *See id.* Appellants' motion is not subject to the granted-by-operation-of-law provision of rule 20.1(j)(4) and is dismissed as not complying with rule 20.1(j).

Our March 7 notice gave appellants until March 27 to arrange for the record to be filed and explained that the appeal would otherwise be subject to dismissal. On March 29, *two days after our deadline*, Hall sent emails to the trial court clerk and court reporter, asking for an estimate of costs of preparing the record. To date, the record has not been filed, nor have appellants made arrangements to pay for it.[2] We therefore dismiss the appeal for want of prosecution.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Rose

Dismissed for Want of Prosecution

Filed:  April 5, 2013

---

[2] Appellant Hall is well-known to this Court and was declared a vexatious litigant following his repeated abuse of the judicial system. His pleadings, including his affidavits of indigence, were rarely in full compliance with the rules, but we generally allowed them due to Hall's pro se status, and his affidavits of indigence were rarely challenged by the opposing parties or court reporters. In this Court's dealings with Hall, he has repeatedly come close to abusing the rules of timing, usually filing on the last possible day and often seeking extension after extension. Following Hall's repeated abuse of the appellate process, this Court started to apply a strict approach to Hall's cases, resulting in a number of them being dismissed for want of prosecution or failure to comply with our instructions.